### J. M. SMITH V. THE STATE.

No. 11064.  Delivered November 30, 1927.

**Possession of Forged Instrument—Validity of Statute—Is Constitutional.**

Art. 999, P. C. 1925, under which this prosecution is brought, has been recognized by judicial tribunals and our state legislatures, as a part of our statutes pertaining to forgery for nearly seventy-five years.  While the terms of the statute are not as plain and certain as might be desired, we believe that its language, together with nearly seventy-five years of acquiescence in the interpretation herein given, is sufficient to justify us in declaring its meaning fixed and certain, and that it does apply to the possession of an instrument in writing, the making of which constituted the offense of forgery.  See Lewis Sutherland on Stat. Construction, Vol. 2, pp. 886-887.

Appeal from the District Court of Uvalde County.  Tried below before the Hon. L. J. Brucks, Judge.

. Appeal from a conviction for the possession of a false and forged instrument in writing with the intent to pass same as true, penalty two years in the penitentiary.

The opinion states the case.

*Will Glover* of Uvalde, for appellant.

*A. A. Dawson*, State's Attorney, for the State.

MARTIN, JUDGE.—Appellant was indicted and convicted for unlawfully and knowingly having in his possession a false and forged instrument in writing with the intent to pass the same as true, penalty two years in the penitentiary.  The prosecution was under Art. 998, P. C. 1925, which reads as follows:

"If any person shall knowingly have in his possession any instrument of writing, the making of which is by law an offense with intent to use or pass the same as true, he shall be con-

fined in the penitentiary not less than two nor more than five years."

The contention is made that the above article does not define the offense set out in the indictment herein and that said article is so indefinitely framed and of such doubtful construction that it cannot be understood and especially that it cannot be applied to the possession of a forged instrument and has no application to the offense of forgery as defined by the Penal Code.

The article in question was passed by the Regular Session of the Legislature of 1858 and is part of a law "supplementary to and amendatory of an Act entitled an Act to adopt and establish a Penal Code for the State of Texas, approved the 28th of August, A. D. 1856." It was set into Title 16, Chapter 1, relating to the following subject: "Forgery and other offenses affecting written instruments." It has since said time occupied a place in the chapter pertaining to forgery and other offenses affecting written instruments. It was re-enacted as Art. 544, then as Art. 939, and passed into the 1925 Penal Code as Art. 998. It has, since its existence, been placed in a chapter of the Penale Code with articles dealing with the subject of forgery. The term "making of which is by law an offense" has, we think, been interpreted and regarded by the bench and bar to be a clause relating and having reference to the offense of forgery. As far back as November, 1895, a conviction under this statute was affirmed in an opinion by Judge Hurt, and we think there can be no doubt that at least impliedly, trial and appellate courts have given this article the construction and meaning claimed by the state for it in this case. Lewis' Sutherland Statutory Construction, Vol. 2, pp. 886-887, lays down the following rule of statutory construction applicable, we think, to the instant case:

"A contemporaneous construction is that which it receives soon after its enactment. This after the lapse of time, without change of that construction by legislation or judicial decision, has been declared to be generally the best construction. If there is ambiguity in the language, the understanding of the application of it when the statute first goes into operation, sanctioned by long acquiescence on the part of the legislature and judicial tribunals, is the strongest evidence that it has been rightly explained in practice. A construction under such circumstances becomes established law. * * * A construction of a statute that has been acted upon by the bench and bar for nearly half a century should not be disturbed. The common consent and opinion of the legal profession on a question of the con-

struction and practical operation of a statute were held to be of persuasive force. A construction of a Constitution, if nearly contemporaneous with its adoption, and followed and acquiesced in for a long period of years afterwards, is never to be lightly disregarded, and is often conclusive."

While the terms of the statute in question are not as plain and certain as might be desired, we believe that its language together with nearly seventy-five years of acquiescence in the interpretation herein given it, is sufficient to justify us in declaring its meaning fixed and certain and that it was originally intended to apply to the possession of an instrument in writing, the making of which constituted the offense of forgery.

Believing that the indictment and evidence are sufficient in this case and finding no error in the record, the judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.